FLORES, APPELLANT, v. THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Guayama.

No. 151.—Decided October 23, 1913.

PROPERTY OF MINORS—EXECUTION AGAINST MINORS—JUDICIAL SALE—RECORD OF TITLE.—The sale of property belonging to minors made by a marshal at public auction in compliance with a writ of execution of a judgment ren- dered against the said minors is valid and therefore recordable in the registry.

ID.—EXECUTION AGAINST MINORS—JUDICIAL SALE.—Act No. 33 of March 9, 1911, refers only to sales of property of minors voluntarily made by the representa- tives of the minors and not to sales ordered by judicial authority for the execution of a judgment against the minors.

The facts are stated in the opinion.
*Mr. José C. Ramos* for appellant.
*Mr. Felipe Cuchí Arnau,* the registrar, filed a brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a civil action brought by Eulogia and Cayetana Ledée y Torres against the minors Rufo, Jovita and Manuel Ledée

y Soto, represented by their mother, María Soto Díaz, in the Municipal Court of the municipal judicial district of Guayama, judgment was rendered in favor of the plaintiffs for the sum of $200. On January 16, 1913, a writ of execution was issued to the marshal of said court, Sergio de la Mata y Dalmau, who levied on a certain property belonging to the minors and sold the same at public auction to the highest bidder, Alejandro Flores de Jesús, for the sum of $1,106.98, and executed a deed of sale in his favor before Notary Rafael Cintrón Lastra on March 10, 1913.

A copy of the said deed being presented in the registry for record, the registrar refused to admit the same, a literal copy of his decision being as follows:

"Admission to record of this document is denied because the property sold is recorded in the name of the minors Rufo,. Jovita and Manuel Ledée, and therefore only the mother, after due authorization by the district court, is empowered to sell the aforesaid property. In accordance with the act of March 1, 1902, a cautionary notice is entered for a period of 120 days on folio 96, over, of vol. 4 of Arroyo, estate No. 164 (record), entry letter A. Guayama, June 11, 1913. The Registrar, Felipe Cuchí Arnau."

We are of the opinion that the foregoing decision, from which an appeal has been taken to this court, is not in conformity with law.

The Act of March 9, 1905, relating to judgments and the manner of satisfying them, and the legal provisions of title 10 of the Code of Civil Procedure treating of the execution of judgments in civil actions, in so far as they have not been repealed and, therefore, are applicable, are general and establish no exception or privilege in favor of minors. All classes of persons are equally affected thereby. *Ubi lex non distinguit nec nos distinguere debemus.*

Act No. 33 of March 9, 1911, which has been invoked by the Registrar of Guayama and which determines what formalities are necessary for the sale of property belonging to minors, refers to sales voluntarily made by the representa-

tives of the minors but not to sales ordered by judicial authority for the execution of judgments against minors. This is necessarily so, because the representatives of minors are not always disposed to fulfil voluntarily the obligations of their wards.

Having thus decided the only legal question raised by the Registrar of Guayama, his decision is reversed and he is directed to proceed in accordance with the legal principles herein set forth.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary took no part in this decision.